UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON DENISE JONES,

    Plaintiff,                                       Case No. 2:16-14061-cv
                                                     Hon. Judge Victoria A. Roberts
    -v-                                              U.S. Magistrate David R. Grand

PORTFOLIO RECOVERY ASSOCIATES, LLC,
WEBER & OLCESE, PLC and PAUL R. MISIEWICZ,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING MOTION DEFAULT JUDGMENT**
## **AGAINST DEFENDANT PAUL R. MISIEWICZ**

This case is before the Court on the motion of Sharon Jones ("Jones"), for default judgment against Paul Misiewicz, ("Misiewicz"). (*Doc. 32*)  For the following reasons, Jones' motion is **GRANTED**.

### I.    APPROPRIATENESS OF DEFAULT JUDGMENT

This action was brought November 16, 2016. Jones filed an amended complaint ("Complaint") on December 27, 2016. (*Doc. 12*) Misiewicz was served with the summons and Complaint on January 17, 2017 and January 24, 2017 by the U. S. Marshall Service, through personal service and U. S. mail, respectively. Misiewicz did not answer or otherwise defend against the lawsuit.

On September 8, 2017, the Clerk of this Court entered Entry of Default against Misiewicz.

Misiewicz is not a minor, incompetent or engaged in military service. The motion for default is based on the state court record, allegations in the Complaint and attached exhibits alleging liability of Misiewicz under state and federal statutes.

As a general matter, default judgment is disfavored because of the "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Nonetheless, it is well established that a "district court has the authority to enter default judgments for failure…[to] comply with rules of procedure". *Wahl v McIver*, 773 F.2d 1169. 1174 (11th Cir. 1985). The court rules provide that where, as here, a defendant fails to appear or otherwise acknowledge an action for more than four months and clerk's default entered, entry of default judgment is appropriate.

"While modern courts do not favor default judgments, they certainly are appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v Angelucci Bros. & Sons, Inc.,* 448 F.Supp.2nd 193, 195 (D.D.C. 2006)(quotation omitted). Misiewicz has been unresponsive; he has declined to appear since January.

With the Entry of Default, all Jones' well-pleaded allegations are deemed admitted by Misiewicz through his failure to plead or otherwise respond to the complaint. See, *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D.Mich.2006).

Jones is not automatically entitled to judgment in a particular amount. Indeed, a default is not "an absolute confession by the defendant of his liability and the plaintiff's right to recover," but instead merely is "admission of the facts cited in the

complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D.GA 2004). Defendant's "default notwithstanding, a plaintiff is entitled to default judgment only if the complaint states a claim for relief." *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D.Fla. 2005). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motors Corp.*, 123 F3d 1353, 1370, n. 41 (11th Cir. 1997).

However, "[a] defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Ortiz-Gonzalez v. Fonovisa*, 277 F3d 59, 62-63 (1st Cir. 2002).

In light of these principles, the Court reviewed the state court record and is satisfied the Complaint here sets forth viable causes of action against Misiewicz as well as a basis for recovery. The complaint includes the following specific allegations:

(1) Misdemeanor violation of MCL 257.698(5), (6), and (9), alleges Misiewicz drove to a Detroit residence in a vehicle bearing flashing, oscillating, or rotating lights, which Misiewicz activated to attract the attention of someone visible to him through a window of the residence. Contrary to federal and State of Michigan collection practices act laws, Misiewicz presented himself as a law enforcement officer to the person in that home.

(2) Misiewicz then delivered a civil complaint lawsuit to a person - not Jones - and whom he knew had no connection to the alleged debt account at issue.

The cover page to the 36th District Court of Detroit complaint he handed the occupant merely states it recommends the person to whom the attached paperwork was directed to contact Misiewicz for his assistance with an important matter.

(3) The top portion of that cover page bore the Great Seal of the State of Michigan. Misiewicz is not an agent of and has no professional, business or employment affiliation with the State of Michigan. Misiewicz did not act on behalf of any government agency at any relevant point in time.

(4) On December 8, 2015, Misiewicz filed an affidavit of personal service with the 36th District Court for City of Detroit, falsely swearing he served the complaint upon Jones. On January 11, 2016, due to this perjury by Misiewicz, the 36th District Court entered a default judgment against Jones. On August 7, 2017, the 36th District Court vacated the judgment of default *nunc pro tunc* and dismissed the matter with prejudice.

These factual allegations appear adequate to state viable causes of action under the Fair Debt Collection Practices Act ("FDCPA") and consumer protection laws of the State of Michigan. Because all factual allegations in the Complaint are deemed admitted, the Court finds that Misiewicz is liable for damages to Jones.

## II. JONES' PROOF OF DAMAGES

Where an amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n.

4

27 (judicial determination of damages is unnecessary where claim for sum certain or for sum that can by computation be made certain). *Ortiz-Gonzalez*, *supra*, 277 F.3d at 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages). The court need not hold a hearing to make an independent determination of the sum to be awarded; it may rely on documentary evidence. *United States v Cabrera-Diaz*, 106 F.Supp.2d 234, 243 (D.P.R. 2000). *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001).

Jones has sufficiently proven the amount of damages to which she is entitled; the sum she seeks has evidentiary support: (1) sworn documents attesting to Misiewicz's conduct; (2) pleadings and transcripts from Detroit's 36th District Court; and (3) written assertions by Jones concerning the extent of her damages.

The Court concludes that the amount and character of damages for which Misiewicz is liable is as follows.

Under the FDCPA, Misiewicz's conduct constitutes, at a minimum, a "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). 15 USC 1692e prohibits any false, deceptive or misleading representations or means in connection with the collection of a debt.

Similarly, Michigan Consumer Collection Practices Act ("MCCPA"), MCL 445.252(a), prohibits communicating with a debtor in a misleading or deceptive manner. MCL 445.252(b) prohibits use of deceptive forms or instruments. MCL 445.252(e), (f) and (g) prohibit (1) making inaccurate, misleading, untrue, or deceptive statements or claims in communicating to collect a debt, or concealing or

not revealing the purpose of a communication when it is made in connection with collecting a debt; (2) communications misrepresenting the status of legal action being taken and the legal rights of the creditor or debtor; and (3) communications without accurately disclosing one's identity.

These statutes provide all provide for statutory and actual damages, and for expenses that include investigative costs and infliction of emotional distress. Actual damages under the FDCPA include emotional damages, such as those caused by extreme, outrageous conduct causing intentional infliction of emotional distress. "A court may also award damages for emotional distress based on the plaintiff's subjective testimony where a plaintiff was the victim of "egregious conduct" or where the "circumstances make it obvious that a reasonable person would suffer significant emotional harm." *Dawson v. Wash. Mut. Bank. F.A.*, 390 F.3d 1139, 1149-50 (9th Cir. 2004)

Although there appears to be no Sixth Circuit authority on this issue, courts in this circuit have allow recovery for emotional distress damages under the FDCPA. *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F.Supp.2d. 968, 971 (N.D.Ohio 2008). These damages are included within actual damages allowable under § 1692k(a)(1), which was intended to include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress ..." Id . (quoting Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13, 1988) (Section 813–Civil Liability).

In assessing damages for emotional distress in connection with the FDCPA,

courts consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." See *Villanueva v. Account Discovery Systems*, LLC, 77 F.Supp.3d 1058 (2015) citing 15 U.S.C. § 1692k(b)(1).

Swearing a false oath of service of process is perjury. Jones pleads that as a direct result of Misiewicz's conduct, her credit score plunged. For nearly two years, Jones sought to undo the harm caused by his unlawful conduct. During these two years, Jones says she had been severely injured in two accidents, which reduced her income; she was in a highly litigious divorce, coping with the recent death of a parent, and raising two children alone with no child support payments from the father. Jones says she struggled with financial challenges that would have been far less dire had Misiewicz not destroyed her credit. Jones asserts Misiewicz exacerbated her psychological distress during this time period.

Where illegal conduct has a negative impact on a plaintiff's emotional and mental state and personal affairs, and the violations are deemed intentional, courts have awarded $1,000 for each act causing emotional distress. *Crider v. Pac. Acquisitions & Assocs., LLC*, 2015 WL 6689391, at *6 (N.D. Cal. Nov. 3, 2015). *Gordon v. Enhanced Acquisitions LLC*, No. 14-13839, 2015 WL 7423809, at *2 (E.D. Mich. Nov. 23, 2015) (awarding $3,000 in emotional distress damages under the FDCPA where plaintiff requested $25,000 because plaintiff had not "submitted any medical records or other evidence corroborating the emotional distress alleged"); *Hett v. Bryant Lafayette & Associates, LLC*, No. 10-CV-12479, 2011 WL 740460, at *3 (E.D. Mich. Feb.

24, 2011) (awarding $2,000 in emotional distress damages under the FDCPA where plaintiff requested $20,000 because plaintiff had not "presented any medical records, telephone records, witness affidavits, or other evidence to substantiate his claimed damages").

The court calculates Jones' damages as follows: (1) FDCPA statutory penalty of $1,000; (2) MCCPA statutory penalty of $250; (3) actual expenses of $1,557.48; and (4) emotional distress of $4,850, based upon (a) State of Michigan fines applicable for the violations of misdemeanor laws and civil infractions that Misiewicz breached ($100, $500, $250), plus (b) $1,000, a sum sometimes assessed by courts in this circuit under the FDCPA for emotional distress damages, for each of four discrete egregious acts that objectively could cause a person psychological distress.

Jones' motion for default judgment is **GRANTED**. Defendant Paul R. Misiewicz is liable to Plaintiff Sharon Denise Jones in the amount of **$7,657.48, plus interest from the date of Default Judgment at the rate of 2.902%**.

The Court retains jurisdiction of this matter as may be necessary to effectuate the terms of this default judgment.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Court Judge

Dated: 11/7/17